Gabrielli, Jones and Wachtler, JJ.
(concurring). We concur in result in each of these cases, but cannot accept what appears to us to be the overbreadth of the majority opinion, addressing matters which are not necessary for the resolution of these appeals.
In Erneta v Princeton Hosp. (49 NY2d 829) our court acknowledged the mandate of the Supreme Court of the United States in Rush v Savchuk (444 US 320). In there according retroactivity to the new rule of Rush, the court eschewed the opportunity to indulge in an “institutional reassessment of Seider v Roth” (49 NY2d, p 830). It suffices for present purposes to cite Erneta, and to emphasize that in as much as the decision in Rush is predicated on the nonexistence of jurisdiction, that inhibition extends to judicial action of any sort thereby precluding any of the ameliorative remedies which are pressed on us by plaintiffs who may now be foreclosed from all judicial relief. As the Supreme Court, through Justice Marshall, wrote with respect to an absence of subject matter jurisdiction: “A court lacks discretion to consider the merits of a case over which it is without jurisdiction, and thus, by definition, a jurisdictional ruling may never be made prospective only” (Firestone Tire & Rubber Co. v Risjord, 449 US 368, 379).
The only new issue presented in these cases relates to questions of waiver of the right to challenge jurisdiction predicated on a Seider attachment under the Rush decision. We understand the majority to be holding that Rush is to be applied retroactively unless in the individual case, there has been such a waiver by the defendant (in whatever form or by whatever means effectually manifested). We agree with that principle and concur in its application to the five cases now before us. We are in accord as well that in preserving the Rush claim, the defendant must be explicit, by a “sufficiently particularized pleading” or otherwise, to leave no doubt that it is the jurisdictional challenge under what is now the Rush doctrine which is being raised. It will not *491 do to raise challenges to personal jurisdiction over the defendant. Accordingly, as the majority correctly concludes, the defendants in Gager and Hill did not waive their challenges to Seider jurisdiction; the defendants in Mei Yuet Chin, Cachat and Carbone must be held, in consequence of failure to raise the Rush defense, now to have waived it.
Chief Judge Cooke and Judges Jasen and Meyer concur with Judge Fuchsberg; Judges Gabrielli, Jones and Wachtler concur in result in a concurring opinion.
In Gager v White: Order affirmed, with costs.
In Mei Yuet Chin v Cray: Order reversed, with costs, and the order of Supreme Court, Bronx County, reinstated.
In Cachat v Guertin Co.: Order affirmed, with costs. Question certified answered in the affirmative.
In Carbone v Ericson: Order reversed, with costs, and the order of Supreme Court, New York County, reinstated.
In Hill v Elliott: Order affirmed, with costs.